THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL STAPLETON, Defendant-Appellant.

Third District    No. 80-239

Opinion filed March 20, 1981.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After a jury trial, the defendant, Michael A. Stapleton, was found guilty of intimidation. He was, thereafter, sentenced to a two year term of imprisonment. In his appeal from that conviction, the defendant raises only one issue. That issue is whether the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant claims that the State's chief witness, the victim, was thoroughly impeached by proof that she lied on the witness stand and that her testimony was not only improbable and unworthy of belief, but did not establish that the defendant took any action to aid the commission of the offense.

Because the facts of this case have been fully presented in our recent opinion in the appeal of the defendant's co-defendant (*People v. White* (1980), 92 Ill. App. 3d 513, 414 N.E.2d 1347), they need not be fully set forth here. In addition, our earlier opinion in *White* determined that the credibility of the victim was a question for the jury. As in *White*, we refuse to overturn the jury's findings based on the credibility of the victim as witness.

Furthermore, her testimony did establish the defendant's participation. The incident occurred in the defendant's apartment and in his presence. White demanded that the victim repay a debt. When she informed White she had no money, the defendant grabbed her, enabling White to remove $106 which the defendant later returned. However, when the victim attempted to flee, the defendant slapped her. In addition, the defendant waited outside the apartment door with White while the victim was supposedly taking pictures of herself in the nude at White's demand. Lastly, the defendant testified that, while he only playfully threatened the victim with a baseball bat, he might have mentioned that he "could take the bat and beat her to death with it."

The jury could find the defendant guilty of intimidation beyond a reasonable doubt based on the evidence presented. Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.